FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALIREZA ABRISHAMCHI, | No. 07-71351 |
| Petitioner, | Agency No. A073-971-872 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| ALIREZA ABRISHAMCHI, | No. 08-73780 |
| Petitioner, | Agency No. A073-971-872 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2011
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Alireza Abrishamchi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals's order dismissing his appeal from an Immigration Judge's decision denying his application for adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture. He separately petitions for review of the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. In No. 07-71351, we deny the petition in part and grant it in part. In No. 08-73780, we dismiss the petition as moot.

## I.    No. 07-71351

We deny the petition as to adjustment of status. Abrishamchi is ineligible for adjustment of status because he entered the country on a K-1 visa and failed to marry his petitioning fiancée within ninety days of admission. *See Kalal v. Gonzales*, 402 F.3d 948, 951 (9th Cir. 2005). The BIA did not err in affirming the IJ's denial of Abrishamchi's application for adjustment of status.

We also deny the petition as to asylum. In the absence of disputed facts, we have jurisdiction to review the denial of Abrishamchi's asylum application as time-barred. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007)(per curiam); *see also Taslimi v. Holder*, 590 F.3d 981, 986 (9th Cir. 2010). Substantial evidence supports the IJ's finding, affirmed by the BIA, that Abrishamchi failed to

file his asylum application within a reasonable period given his "changed circumstances," i.e., his decision to leave Islam and begin the process of converting to Catholicism. Abrishamchi does not argue that the delay between his decision to convert and the filing of his application—a delay of at least five months—was reasonable. He simply asserts that the IJ should have found the application to be timely because it was filed within one year of his decision to convert. But the regulations allowing an alien to file a late asylum application because of "changed circumstances" do not provide that the application is timely so long as it is filed within one year of an applicant's internalized decision to change his personal circumstances; instead, the applicant must file "within a reasonable period given [his] 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii). The record does not compel the conclusion that Abrishamchi filed his asylum application within a reasonable period after he decided to convert.

We grant the petition as to withholding of removal and CAT relief. The BIA failed to address Abrishamchi's claim that he could face death for committing apostasy if he returns to Iran. This is a different issue than whether he would face persecution or torture for becoming a Catholic. We remand to the BIA to determine in the first instance whether Abrishamchi established that it is more likely than not that he would suffer persecution or torture on the basis of his

renouncement of Islam alone, even in the absence of a completed conversion to Catholicism. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (remanding where BIA failed to address petitioner's argument); *see also INS v. Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

**II.     No. 08-73780**

Because we grant in part the petition in No. 07-71351, we dismiss Abrishamchi's petition for review of the BIA's denial of his motion to reopen as moot.

In light of our holdings, we deny as moot Respondent's Motion to Strike, filed May 6, 2008, and Petitioner's Motion to Take Judicial Notice, filed May 16, 2008.

Each party shall bear its own costs.

**DENIED IN PART; GRANTED IN PART and REMANDED (No. 07-71351).**

**DISMISSED (No. 08-73780)**.